UNITED STATES of America,
Plaintiff–Appellee,

v.

Brian Leslie ALLEN, Defendant–Appellant.

No. 93–3264.

United States Court of Appeals,
Tenth Circuit.

Feb. 9, 1994.

Submitted on the briefs: *

Brian L. Allen, pro se.

Randall K. Rathbun, United States Attorney, and Robin D. Fowler, Assistant United States Attorney, Wichita, Kansas, for Plaintiff–Appellee.

Before MOORE, ANDERSON, and KELLY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Brian L. Allen appeals the denial of a motion under 28 U.S.C. § 2255 for relief from his sentence for a federal drug trafficking conviction. He contends that his 120–month sentence, mandated by 21 U.S.C. § 841(b)(1)(B), was imposed in error, and

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

that his sentence under the United States Sentencing Guidelines should have been within the range of 63 to 78 months. In essence, his argument is that the guidelines take precedence over an applicable mandatory sentence statute. The district court, dismissed his motion on the merits. We affirm.

## BACKGROUND

A jury found Allen guilty of possession with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). Allen's presentence report revealed that he also had a prior drug trafficking conviction under Pennsylvania law. Given his prior drug-related conviction and the nature of his current offense, his sentence was required by statute to be not less than ten years imprisonment, 21 U.S.C. § 841(b)(1)(B), and ten years is what he received.[1]

Allen was fully informed of the statutory minimum sentence he faced on account of his prior conviction. His presentence report explained as much and cited the applicable statute. Presentence Rep. at ¶ 31. At sentencing, before pronouncing sentence and before receiving comments from Allen through counsel, the district court said, "I am required to sentence you to a minimum of ten years incarceration." R.Supp.Vol. I, Tab 93 at 4. Allen's counsel subsequently stated that he had informed Allen "from day one" that the ten-year sentence "is what he would be facing" if convicted. *Id.* at 5.

Allen did not object at or prior to sentencing either to his presentence report or to the sentence imposed. He was advised that he could appeal the sentence, *id.* at 6–7, but he raised no sentencing issues on direct appeal. *See United States v. Williams,* 933 F.2d 1019 (10th Cir.1991) (unpublished) (addressing and rejecting Allen's claims of illegal search and insufficient evidence). The first time he claimed any error in his sentence was in this § 2255 motion, in which his sole allegation is that he should have been sentenced "under the Guidelines and not the statutory provision." R.Vol. I, Tab 83 at 5.

**1.** Without the statutorily mandated minimum, Allen's sentence under the guidelines would have been between 63 and 78 months, based on a base

## DISCUSSION

Although not addressed below, the issue of procedural bar is pertinent and has been raised by the government on appeal. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Walling,* 982 F.2d 447, 448 (10th Cir.1992) (quoting *United States v. Khan,* 835 F.2d 749, 753 (10th Cir.1987), *cert. denied,* 487 U.S. 1222, 108 S.Ct. 2881, 101 L.Ed.2d 915 (1988)). A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. *United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir.1993) (citing *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). This procedural bar, sometimes described by reference to *Frady* for convenience, *see Hines v. United States,* 971 F.2d 506, 508 (10th Cir.1992), applies to a defendant's collateral attack on his sentence, just as it does to an attack on his conviction. *See Walling,* 982 F.2d at 448–49; *see also United States v. Essig,* 10 F.3d 968, 978 (3d Cir.1993); *Suveges v. United States,* 7 F.3d 6, 10 (1st Cir.1993); *Ford v. United States,* 983 F.2d 897, 898 (8th Cir. 1993) (per curiam).

When a defendant fails to challenge his sentence on direct appeal but subsequently attempts to do so under § 2255, the courts may take one of several courses of action. First, if the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown.

Second, if the government does not raise procedural bar, either the district court or court of appeals may raise and enforce it sua sponte, if doing so furthers "the interests of judicial efficiency, conservation of scarce ju-

offense level of 26, a criminal history category of III, and assuming no grounds for departure.

dicial resources, and orderly and prompt administration of justice." *Hines*, 971 F.2d at 509; *see also Hardiman v. Reynolds*, 971 F.2d 500, 503–04 n. 5 (10th Cir.1992) (explaining that procedural disposition may be less efficient where the record is unclear on whether default has occurred or was justified, or where substantial resources have been spent litigating the merits, but if the government raises procedural bar, it is entitled to a ruling on that ground irrespective of these considerations).[2]

■ Third, when the government has not raised procedural bar and it appears to the court that raising it sua sponte will not further the interests expressed above, we can simply address the merits of the § 2255 motion. We choose this course of action in the present case.

Here, the government did not initially raise procedural bar as a defense to Allen's motion, and the district court did not raise it sua sponte. Rather, the government argued the motion's lack of merit, and the district court agreed. On appeal, while maintaining the motion's lack of merit, the government also asserts that it is subject to procedural bar. Appellee's Brief, at 9, 12.

■ We elect not to pursue a disposition of this case on the ground of procedural bar, and the government is not entitled to such a disposition having failed until now to raise this issue. Because of the patent lack of merit in Allen's contentions, we can best serve the interests of judicial efficiency, conservation of judicial resources, and orderly and prompt administration of justice by affirming the district court's ruling on the merits, even though the *Frady* procedural bar would also apply. Allen's argument that the guideline range rather than the statutory minimum should have determined his sentence is answered by the guidelines themselves. *See* United States Sentencing Guidelines (U.S.S.G.) § 5G1.1(b) (Nov. 1989) ("Where a statutorily required minimum sentence is greater than the minimum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *see also United States v. Johnson*, 973 F.2d 857, 859 (10th Cir.1992) ("Statutory sentence enhancements are not 'departures' under the guidelines."). His argument simply overlooks section 5G1.1(b). Moreover, we have repeatedly recognized the obvious rule that statutes trump the guidelines when the two conflict. *United States v. Campbell*, 995 F.2d 173, 175 (10th Cir.1993); *United States v. Rockwell*, 984 F.2d 1112, 1114 n. 2 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993).

Allen raises two additional issues for the first time on this appeal: (1) he was not advised of his right to appeal his sentence, and (2) the district court erred in "failing to conduct a hearing on defendant's behalf on the prior state conviction." We decline to address these issues that were not presented to the district court. *See United States v. Mendoza–Lopez*, 7 F.3d 1483, 1485 n. 2 (10th Cir.1993). The judgment of the district court is

AFFIRMED.

---

2. While our holding in *Hines* refers only to the power of the district court to raise the *Frady* defense sua sponte, we have the same power on appeal. We have already noted our ability to raise state procedural bar sua sponte on appeal. *See Manlove v. Tansy*, 981 F.2d 473, 476 n. 4 (10th Cir.1992); *Hardiman*, 971 F.2d at 504; *see also Washington v. James*, 996 F.2d 1442, 1446–47 (2d Cir.1993). In *Hines*, we reasoned that the interests served by the *Frady* defense and those served by the state procedural bar, while not identical, were sufficiently similar to justify "sua sponte judicial review" of both. *Hines*, 971 F.2d at 509. The same reasoning applies on appeal. In particular, the important interests served by the principle of finality cannot always be foreclosed by waiver. The words of caution in *Hardiman* and *Hines* about raising issues sua sponte continue to apply, of course.