21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene JORDAN, Defendant-Appellant.
 No. 93-2331.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 ANDERSON
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Eugene T. Jordan appeals the dismissal of his second proceeding under 28 U.S.C. 2255 to vacate, set aside or correct his sentence imposed following his plea of guilty to the charge of possession with intent to distribute more than one kilogram of a mixture containing a detectable amount of methamphetamine. He contends that the district court erroneously included the weight of waste products (wash solutions) in determining drug quantity for his base offense level under the United States Sentencing Commission Guidelines Manual, and that his counsel was ineffective under the constitution for not raising this and related arguments at sentencing and on appeal.
 
 
 3
 This is Mr. Jordan's second petition, and thus is an abuse of the writ. Furthermore, Mr. Jordan is procedurally barred from challenging matters that he could have, but did not, raise on appeal, absent cause and prejudice or a fundamental miscarriage of justice. United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994). He has offered no cause for failing to raise this issue on appeal other than ineffective assistance of counsel. But his counsel was not ineffective, nor would refusing to review his sentence cause a miscarriage of justice, because, among other things, the court correctly calculated Mr. Jordan's sentence under the law of this circuit concerning mixtures and substances containing a detectable amount of methamphetamine. See United States v. Killion, 7 F.3d 927, 934 (10th Cir.1993), cert. denied, 114 S.Ct. 1106 (1994); cf. Lockhart v. Fretwell, 113 S.Ct. 838 (1993) (discussing ineffective assistance of counsel claims).
 
 
 4
 The government advises us that Mr. Jordan is separately seeking a reduced sentence under 18 U.S.C. 3582(c)(2), based on Amendment 484 to the 1993 sentencing guidelines. We express no opinion on that point. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470