37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee BROWN, Defendant-Appellant.
 No. 94-2137.
 United States Court of Appeals, Tenth Circuit.
 Oct. 12, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Brown, a federal inmate and pro se litigant, appeals the trial court's denial of his motion to reduce his sentence pursuant to 28 U.S.C. 2255. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Mr. Brown was convicted of the crime of conspiracy to manufacture methamphetamine and was sentenced to 86 months imprisonment. Mr. Brown appealed and this court affirmed. See United States v. Brown, 984 F.2d 1074 (10th Cir.) cert. denied, 114 S.Ct. 204 (1993).
 
 
 4
 Mr. Brown then filed four separate pro se motions to reduce his sentence under 28 U.S.C. 2255. Mr. Brown made two arguments to support these motions. First, he asserted the quantity of drugs attributed to him for sentencing purposes was too high as a portion thereof was merely sludge. He argued he was therefore entitled to be resentenced under Amendment 484 to the United States Sentencing Guidelines.[2] Second, Mr. Brown asserted the government failed to prove the substance was D-methamphetamine and it should therefore be presumed to be L-methamphetamine, which carries a lesser sentence.
 
 
 5
 Concerning Mr. Brown's first argument, the trial court determined the argument was not supported by the facts. The sentencing court did not use the volume of sludge to determine the base offense level, but rather, extrapolated the amount of drugs within the sludge in reliance on expert testimony, a procedure we have repeatedly upheld. See United States v. Wagner, 994 F.2d 1467, 1470 (10th Cir.1993); United States v. Pace, 981 F.2d 1123, 1134 (10th Cir.1992), cert. denied, 113 S.Ct. 1401 (1993). Therefore, Mr. Brown may not avail himself of Amendment 484. The trial court did not reach the merits of the D-methamphetamine versus L-methamphetamine issue, finding this issue procedurally barred as it could have been, and should have been, raised on direct appeal and was not. See United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994).
 
 
 6
 On appeal, Mr. Brown ignores the trial court's factual findings pertaining to the sentencing and simply assumes his initial sentence was based on the volume of "sludge." This court, however, must accept the factual findings of the trial court unless they are clearly erroneous. See United States v. Roberts, 14 F.3d 502, 519-20 (10th Cir.1993). As long as sufficient facts exist to support these findings, they cannot be clearly erroneous. Id. The record on appeal simply fails to show how these findings are clearly erroneous. In fact, the record on appeal contains significant evidence supporting the finding that the initial sentence was not based upon the volume of "sludge."
 
 
 7
 Mr. Brown also ignores the procedural bar issue, simply asserting the government had the burden to prove the methamphetamine was of the "D" type and failed to do so. Neither the trial court nor this court can even examine this issue as it should have been raised in his direct appeal and it was not. See Allen, 16 F.3d at 378. Mr. Brown has not carried his burden of showing either cause and prejudice or a fundamental miscarriage of justice, and therefore we do not reach the merits of this claim. Id. A basic principle of law requires that litigation end.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although Mr. Brown was sentenced almost two years prior to the effective date of Amendment 484, we have upheld its retroactive application. See United States v. Deninno, 29 F.3d 572, 579 (10th Cir.1994)