UNITED STATES COURT OF APPEALS

**Filed 3/25/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,       )
                                     )

     Plaintiff - Appellee,       )
                                     )

                                     )     No. 95-4140
  v.                              )   (D.C. No. 95-CV-552)
                                     )       (D. Utah)

ESTEBAN LOPEZ-ESPINOZA,      )
                                     )

     Defendant - Appellant.     )

---

### ORDER & JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

---

Defendant Esteban Lopez-Espinoza appeals the district court's denial of his motion to vacate fine pursuant to 28 U.S.C. § 2255. We exercise jurisdiction under 28 U.S.C. § 1291. We affirm.

Lopez-Espinoza pled guilty to a violation of 8 U.S.C. § 1326 (re-entry of a deported alien). At sentencing, the Court adopted the presentence report, which stated that although

---

[*] The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the defendant claimed no income or assets, he could pay a fine by contributing a portion of what he earned in prison under the Inmate Financial Responsibility Program (IFRP). Defendant did not object to this determination at sentencing. In addition to imposing a 46-month prison sentence followed by two years of supervised release, the court ordered Lopez-Espinoza to pay a special assessment of $50 and a fine of $1000.

Following an unsuccessful direct appeal, Lopez-Espinoza filed a motion to vacate the fine under 28 U.S.C. § 2255. He claimed that he was unable to pay because he was indigent; and because his earnings under the IFRP were less than the amounts he was directed to pay toward his fine. The United States District Court for the District of Utah denied the motion, holding that Lopez-Espinoza was barred from raising the claim on a § 2255 motion because he had failed to demonstrate why he had not raised the claim at sentencing or on direct appeal. The court added that Lopez-Espinoza's claim was without merit. It referred to the presentence report's statement that Lopez-Espinoza could pay the fine through participation in the IFRP, and found that he had produced no evidence suggesting otherwise.

Appellant now reasserts that he is not earning enough under the IFRP to make the required payments. Specifically, "defendant is only getting $21.00 every three months and the Federal Bureau of Prisons is asking the defendant for $25.00 every three months." (Appellant's Br. at 1.) He claims that because he is unable to make the payments, he will be placed on "refusal," meaning that he will earn less money and be deprived of other rights. In addition, Lopez-Espinoza complains that he will not be able to undergo a supervised

release period, because he will be deported to Mexico following his release. We review the district court's rulings on legal questions in § 2255 proceedings de novo, and uphold the district court's findings of fact unless they are clearly erroneous. United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995).

We agree that Lopez-Espinoza is barred from raising collaterally what he did not raise in prior proceedings. A defendant may not present an issue in a § 2255 motion that he did not raise on direct appeal, "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Allen, 16 F.3d 377, 378, (10th Cir. 1994). Lopez-Espinoza did not argue inability to pay on direct appeal, and has failed to demonstrate that either exception to the procedural default rule applies.

We note that the sentencing court, taking into account Lopez-Espinoza's lack of means, gave a fine which it determined could be paid solely out of his earnings under the IFRP. Regarding the possible imposition of disciplinary measures if Lopez-Espinoza fails to make his payments on time, we also note that an inmate may seek formal review of any complaint relating to his imprisonment under the Bureau of Prisons' Administrative Remedy Procedure, if he is unable to resolve the matter informally. 28 C.F.R. § 542.10 et seq. If the inmate is not satisfied with the response to his complaint, 28 C.F.R. § 542.15 provides for appeals. While we do not reach the issue, we note that 28 C.F.R. § 545.11(b) provides a mechanism to increase an inmate's minimum payment or to impose an allotment no less than

50 percent of his pay, depending on his specific financial situation. In this case, if Lopez-Espinoza is unable to rectify his situation through this administrative process, he may then choose to file suit in federal court under 42 U.S.C. § 1983. However, it would be appropriate to seek relief first within the prison system.

We decline to reach Lopez-Espinoza's claim that he can not serve his supervised release term, because he did not raise this issue during the § 2255 proceedings before the district court. Walker v. Mathers (In Re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (generally, appellate court does not consider an issue not passed upon below).

The judgment of the United States District Court for the District of Utah is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge