UNITED STATES of America,

v.

Eddie MALTBIA, Movant.

Criminal No. 93–20087–01; Civil Action No. 95–3347–KHV.

United States District Court,
D. Kansas.

June 27, 1996.

Eddie Maltbia, Waseca, MN, pro se.

### Memorandum and Order

VRATIL, District Judge.

This matter comes before the Court on two motions of defendant Eddie Maltbia—his *Motion* (Doc. # 46) filed August 18, 1995, and his *Motion For Reduction Of Sentence* (Doc. # 47) filed October 19, 1995. The first is a motion to vacate, set aside or correct Mr. Maltbia's sentence under 28 U.S.C. § 2255, and the second is a motion to reduce the sentence pursuant to 18 U.S.C. § 3582(c)(2).[1]

On August 15, 1994, defendant pled guilty to Count I of a three-count indictment charging him with distribution of approximately

---

1. On February 21, 1996, the Court ordered the United States to file a response to the foregoing motions (Doc. # 48) in order to assist the Court in apprehending the grounds on which Mr. Maltbia seeks relief. After the government had requested and the Court had granted additional time for the government to respond to such motions, the United States filed a response objecting only to Mr. Maltbia's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. # 52); the government did not respond at all to Mr. Maltbia's motion that his sentence be reduced pursuant to 18 U.S.C. § 3582(c)(2).

.813 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Under the plea agreement, the government agreed, among other things, to dismiss Counts II and III of the indictment, to recommend a three-level reduction in defendant's offense level for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines, and to recommend that defendant receive a sentence at the low end of the guideline range as determined by the U.S. Probation Office.

On November 7, 1994, this Court sentenced Mr. Maltbia. In accordance with the findings of the U.S. Probation Office set forth in the Presentence Investigation Report and the addenda thereto, the Court determined that Mr. Maltbia's base offense level under the guidelines was 26[2] and that he was entitled to a three-level reduction for acceptance of responsibility. With the resulting offense level of 23 and a criminal history category of I, the guideline range for Mr. Maltbia's offense was 46–57 months. The Court sentenced Mr. Maltbia to 53 months.

■ Mr. Maltbia claims that the government promised that he would be sentenced at the low end of the guidelines in exchange for his plea of guilty. Since he was not, Mr. Maltbia claims his sentence should be set aside.

This claim is procedurally barred because Mr. Maltbia did not raise the issue on direct appeal. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994) (citations omitted). A defendant's failure to present an issue on direct appeal bars him from raising the issue in a § 2255 motion, "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*

Mr. Maltbia has not shown cause for his procedural default in not raising this claim on an appeal, nor can the Court imagine any reason why he could not have done so. Moreover, Mr. Maltbia cannot demonstrate actual prejudice or show that a fundamental miscarriage of justice would occur if the Court does not reduce his sentence.

The plea agreement makes clear that the government did not and could not "promise" Mr. Maltbia anything with respect to the length of the sentence that the Court would impose. In the plea agreement—which Mr. Maltbia, his counsel and counsel for the government signed—the government agreed to recommend a sentence at the low end of the guideline range, but it did not represent to the defendant or his attorney what sentence might be imposed or what guideline range would be determined. In fact, Mr. Maltbia acknowledged in that agreement that the matter of sentencing was "entirely within the purview of the sentencing court, and that the United States has made no promises or representations to [Mr. Maltbia] or his attorney regarding what sentence might be imposed or which sentencing guideline level will be appropriate."

Section 2255 of Title 28 of the United States Code allows a prisoner to petition the court that imposed his sentence to vacate, set aside or correct that sentence

upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Mr. Maltbia has failed to allege any facts which would convince the Court that his sen-

---

**2.** U.S.S.G. § 1B1.3, concerning relevant conduct, instructs that in drug distribution cases, quantities of drugs not specified in the count of conviction are considered in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction. Count I, to which Mr. Maltbia pled guilty, charged that he sold .813 grams of cocaine base to an ATF agent. Counts II and III charged that Mr. Maltbia had on two other occasions sold the same ATF agent approximately 4.23 grams and 1.523 grams of cocaine base respectively. Because the Court determined that those occasions were part of the same course of conduct or part of a common scheme or plan as the conduct in Count I, the Court used the total amount of 6.56 grams in computing the applicable base offense level. The base offense level for distribution of at least 5 grams but less than 20 grams of cocaine base is level 26.

tence was thus deficient. Accordingly, Mr. Maltbia is not entitled to a reduction of his sentence based on 28 U.S.C. § 2255.

 Mr. Maltbia also contends that he is entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2), which, under certain conditions, empowers a district court to reduce a term of imprisonment when a sentencing range has subsequently been lowered by the Sentencing Commission. Section 3582(c)(2) of Title 18 of the United States Code provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Reduction of the sentence thus is only appropriate "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Indeed, "[t]he principle that the Guidelines Manual is binding on federal courts applies as well to policy statements [issued by the Sentencing Commission]." *Stinson v. United States,* 508 U.S. 36, 41, 113 S.Ct. 1913, 1917, 123 L.Ed.2d 598 (1993).

 Section 1B1.10 of the United States Sentencing Guidelines, which articulates a policy statement concerning the retroactivity of amended guideline ranges, provides that

> [w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and is thus not authorized.*

U.S.S.G. § 1B1.10 (emphasis added). Subsection (c) lists the amendments covered by this policy statement: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, and 516.

Mr. Maltbia has not indicated which of these amendments he believes is applicable to his sentence. The Court has reviewed all of the amendments, however, and is convinced that none of them apply. Accordingly, the Court finds that 18 U.S.C. § 3582(c)(2) does not authorize any reduction in Mr. Maltbia's sentence.

**IT IS THEREFORE ORDERED** that defendant's *Motion* (Doc. # 46) filed August 18, 1995, and his *Motion For Reduction Of Sentence* (Doc. # 47) filed October 19, 1995, be and hereby are denied.