**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH C. BENNETT,

    Defendant - Appellant.

No. 98-6017

(D.C. No. CIV-97-1359-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

Defendant Joseph C. Bennett seeks a certificate of appealability to appeal the

district court's decision denying his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence. We conclude Defendant has not made a substantial showing of the

denial of a constitutional right. Accordingly, we deny his request for a certificate of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

appealability and dismiss the appeal.

Defendant is an inmate at the Federal Correctional Institution in Phoenix, Arizona, where he is serving concurrent 262 month sentences for conspiring to possess with the intent to distribute methamphetamine, and possession with intent to distribute methamphetamine in respective violation of 21 U.S.C. §§ 846 and 841(a)(1). After being sentenced on the above counts, Defendant directly appealed his convictions arguing that the district court erroneously denied his motion to suppress certain evidence and improperly instructed the jury by not explicitly stating that interdependence is an element of a conspiracy. We affirmed his conviction. United States v. Bennett, 78 F.3d 598, 1996 WL 108558 (10th Cir. 1996) (unpublished). Defendant then sought a writ of certiorari, which the United States Supreme Court denied. United States v. Bennett, 117 S.Ct. 384 (1996).

Dissatisfied with the fruits of his previous appeals, Plaintiff filed a § 2255 motion requesting that the district court vacate his sentences and grant him a new trial. As grounds for relief, Plaintiff raised numerous issues which he failed to bring in his direct appeal. Defendant also argued for the first time that his appellate counsel was ineffective for failing to raise the issues in his prior appeal. In a thorough and well-reasoned memorandum opinion, the district court denied Defendant's motion. Defendant then requested that the district court grant a certificate of appealability so that he could appeal the court's decision. The district court did not act upon Plaintiff's request within thirty

days. Therefore, the court effectively denied Defendant's request for a certificate of appealability. See Tenth Circuit Emergency General Order of October 1, 1996. Defendant now asks us to grant the certificate of appealability and reach the merits of his appeal.

In support of his request for a certificate of appealability, Defendant advances several points of error which he failed to raise in his direct appeal. Specifically, Defendant claims that: (1) the court violated his right to due process because it failed to keep a complete record of his trial; (2) the court violated his Fifth and Sixth Amendment rights by not notifying him of the jury's request for the exhibit list; (3) the court improperly instructed the jury regarding circumstantial evidence; (4) the court improperly enhanced his sentence based on prior unconstitutional convictions. Defendant further attempts an end run around any procedural problems associated with the above points of error by contending that his appellate counsel was constitutionally ineffective in not raising the above issues in his direct appeal.

We have thoroughly reviewed Defendant's application for a certificate of appealability, his brief, the district court's order, and the entire record before us. We conclude that Defendant is procedurally barred from raising the issues which should have been brought in his direct appeal, United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994), and that he has failed to demonstrate any prejudice arising from his appellate counsel's alleged errors. Strickland v. Washington, 466 U.S. 668, 688 (1984). The

district court's order denying Defendant's § 2255 motion to vacate his federal sentence is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  See Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983). Accordingly, because we find that Defendant has not made a substantial showing of the denial of a constitutional right, we DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court,


Bobby R. Baldock
Circuit Judge