**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RANDY LEE RAY,

    Defendant-Appellant.

Nos. 98-6169 & 98-6245

(D.C. No. 97-CV-631)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

---

Defendant Randy Lee Ray seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion. See 28 U.S.C. § 2253. Because Defendant has not made a substantial showing of the denial of a constitutional right as required by § 2253(c)(2), we deny his request for a certificate of appealability, and dismiss his appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Ray currently is serving a ninety-seven month sentence of imprisonment upon a guilty plea to sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(3)(B).  After unsuccessfully appealing his conviction and sentence, United States v. Ray, No. 93-6022, unpub. op., 1993 WL 484713 (10th Cir., Nov. 24, 1993), Defendant filed a motion in the district court for relief under 28 U.S.C. § 2255.  In support of his motion, Defendant claimed that (1) the district court lacked subject matter jurisdiction over the indictment due to insufficient proof of "interstate nexus;" (2) his conviction violated his First Amendment right to possess pornography; (3) the district court abused its discretion by failing to consider mitigating evidence at his plea and sentencing hearings; (4) his conviction violated the Fourth Amendment's requirement that search warrants rest upon probable cause; and (5) § 2252(a)(3)(B) was unconstitutionally vague.  Defendant further attempted an end run around any procedural problems associated with the above points of error by arguing that he received ineffective assistance of counsel at trial and on appeal.  The district court rejected on the merits those argument which Defendant raised in his direct appeal, and concluded that the remainder of his arguments were procedurally barred.  The court subsequently denied Defendant's application for a certificate of appealability, as well as for leave to proceed on appeal in forma pauperis.[1]

---

[1] In appeal no. 98-6245, Defendant Ray unnecessarily appealed the district court's denial of a certificate of appealability and ifp status in appeal no. 98-6169.  Thus, we have consolidated the appeals for disposition.

We have thoroughly reviewed Defendant's application for a certificate of appealability, his brief, the district court's orders, and the entire record before us. We conclude that Defendant is procedurally barred from raising the issues which he should have brought on direct appeal, United States v. Allen 16 F.3d 377, 378 (10th Cir. 1994), and that he has failed to demonstrate any prejudice arising from his appellate counsel's alleged errors. Strickland v. Washington, 466 U.S. 668, 688 (1984). The district court's order denying Defendant's § 2255 motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Barefoot v. Estelle, 463 U.S. 880, 883 & n.4 (1983).

Accordingly, because we conclude that Defendant has not made a substantial showing of the denial of a constitutional right, we DENY his request for a certificate of appealabilty and DISMISS the appeal. Defendant's motion to proceed in forma pauperis on appeal is DENIED as moot.

APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3