F I L E D
United States Court of Appeals
Tenth Circuit

DEC 11 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CAROL TRUJILLO,

    Plaintiff-Appellant,

v.

PAUL SHIELDS, individually, and as
an officer of the City of Pueblo Police
Department,

    Defendant,

  and

THE CITY OF PUEBLO, a
municipality,

    Defendant-Appellee.

No. 97-1309
(District of Colorado)
(D.C. No. 96-D-406)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Carol Trujillo appeals from the District Court of Colorado's grant of summary judgment in favor of the City of Pueblo (the "City"). Trujillo sued under 42 U.S.C. § 1983, claiming that the City violated her federal civil rights by failing to adequately train and supervise its police officers to prevent them from sexually assaulting female crime victims while on duty. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

Review of a grant of summary judgment is *de novo*, and this court applies the same legal standard used by the district court. *See Charter Canyon Treatment Ctr. v. Pool Co.*, 153 F.3d 1132, 1135 (10th Cir. 1998). A district court properly grants summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The facts giving rise to Trujillo's claim are brief. On May 17, 1995, Trujillo called the Pueblo Police Department to report a burglary at her residence. Two officers, including Paul Shields, responded to the call. The burglary suspect was apprehended near Trujillo's home and Shields remained in Trujillo's home, unaccompanied, to finalize the report. Trujillo claims that during this time Shields sexually assaulted her.

The district court granted summary judgment in favor of the city. Citing *Gates v. Unified School District*, 996 F.2d 1035, 1041 (10th Cir. 1993), the court stated that Trujillo provided no evidence that sexual assaults by Pueblo officers were a widespread practice which "would have brought to the attention [of] the chief that there was a problem that he needed to correct." The court noted that Trujillo's claim was based upon a theory that because the police chief could have foreseen a claim such as Trujillo's, he created liability by failing to take measures to prevent it. Citing *City of Canton v. Harris*, 489 U.S. 378, 388-90 (1989), and *Board of County Commissioners v. Brown*, 117 S. Ct. 1382 (1997), the court ruled that this is not a viable theory for a § 1983 claim against a municipality.

Trujillo claims that City of Pueblo police officers receive no training on how to prevent sexual misconduct or claims of sexual misconduct when they answer calls which require them to be alone with women. Additionally, Trujillo claims that officers are inadequately supervised when they answer calls which require them to be alone with women.

Trujillo argues two facts in her favor. First, she claims that Pueblo police officers are frequently alone with women, and second, she states that high-ranking officers in the Pueblo Police Department have known of other incidents of sexual misconduct perpetrated by officers. These two factual allegations lead Trujillo to argue that the City is liable under 42 U.S.C. § 1983 for violations of Trujillo's

-3-

constitutionally protected rights because they evince a custom or policy of "grossly inadequate training and supervision of patrolmen" which caused Trujillo to be deprived of her constitutional rights.[1]

Municipal liability under § 1983 is very narrow. *See Brown*, 117 S. Ct. at 1389. Municipalities may not be held liable under a theory of respondeat superior. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985). Rather, in order for a municipality to be held liable under § 1983, a plaintiff must prove that a municipal policy or custom caused the plaintiff's alleged deprivation. *See Brown*, 117 S. Ct. at 1388. Furthermore, a plaintiff who seeks to establish municipal liability "on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Id.* at 1390.

The *Brown* court conceded that an inadequate training program could be the basis for § 1983 liability, but only in "limited circumstances." *Id*. In order for

---

[1] Trujillo also argues that the deliberate indifference standard does not apply and should be limited to Eighth Amendment contexts. She argues that a "gross negligence" standard should be used instead. Trujillo failed to raise the issue in the district court and thus waives it. *See United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994). Nonetheless, there is no question that the appropriate standard is deliberate indifference. *See Brown*, 117 S. Ct. at 1390; *Canton*, 489 U.S. at 388.

liability to attach for failure to train, a pattern of constitutional violations arising directly from the failure to train must exist. Thus, "[i]f a program does not prevent constitutional violations, municipal decisionmakers may *eventually* be put on notice that a new program is called for." *Id*. (emphasis added). Furthermore, "the existence of *a pattern of tortious conduct* . . . may tend to show that the lack of proper training . . . is the 'moving factor' behind the plaintiff's injury." *Id*. (emphasis added).

Consonant with *Brown*, the Tenth Circuit has created a three-part test that a plaintiff must prove in order to hold a municipality liable in a § 1983 suit: (1) "The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the [municipality's] employees"; (2) "Deliberate indifference to or tacit approval of such misconduct by the [municipality's] policymaking officials . . . after notice to the officials of that particular misconduct"; and (3) Injury to the plaintiff "by virtue of the unconstitutional acts pursuant to the [municipality's] custom and the custom was the moving force behind the unconstitutional acts." *See Gates*, 996 F.2d at 1041.

Trujillo has not proved that sexual misconduct in the manner alleged here is a continuing, persistent, and widespread practice to which the policymaking officials in the Pueblo Police Department have demonstrated deliberate indifference or tacit approval. Taking all of Trujillo's factual allegations as true,

-5-

she has proved only one other incident, occurring in 1980, of nonconsensual sexual contact by an officer with a citizen while on-duty. In addition to the Pueblo Police Department having a policy prohibiting sexual contact while on duty, the officer in the 1980 sexual misconduct case was terminated, as was Shields, the officer Trujillo claims to have sexually assaulted her.

After a *de novo* review of the parties' briefs and contentions, the district court order, and the entire record on appeal, this court finds no reversible error and affirms for substantially the same reasons set forth in the district court's Order Granting Motions for Summary Judgment. The judgment of the United States District Court for the District of Colorado is **AFFIRMED.**

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge