**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAMIRO AGUILAR-ORTIZ,

    Defendant - Appellant.

No. 03-3192

(D.C. Nos. 02-CV-3210-JTM and
01-CR-10060-JTM)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

This is a *pro se* 28 U.S.C. § 2255 appeal.  Appellant Aguilar-Ortiz pleaded

guilty on September 25, 2001, to illegal re-entry after deportation for an

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On January 10, 2002, the court sentenced him to a term of 57 months' imprisonment, three years supervised release, and a $100 special assessment. We dismissed Appellant's direct appeal by Order filed July 2, 2002. Appellant then filed a § 2255 motion seeking an order vacating or setting aside his sentence. He argued for the first time that his initial deportation, which followed his conviction for an aggravated felony, violated his due process rights. Thus, he argued, the present conviction under 8 U.S.C. § 1326 is defective. See INS v. St. Cyr, 533 U.S. 289 (2001) (certain aliens could not be lawfully deported unless properly advised of their right to apply for waiver of deportation). The district court denied the § 2255 motion holding that "there was not a due process violation that would sustain [Appellant's] collateral attack on his deportation." Rec., Doc. 38, at 3. We granted a certificate of appealability by Order filed November 17, 2003.

On appeal, Appellant reasserts his argument that his due process rights were violated when he was deported pursuant to his conviction for an aggravated felony. He also argues that the Government failed to file a written information on his prior conviction as required by 21 U.S.C. § 851. We review the legal conclusions underlying the denial of a § 2255 motion *de novo* and the factual findings for clear error. United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002).

St. Cyr was decided by the Supreme Court on June 25, 2001. See generally 533 U.S. 289. Appellant pleaded guilty as charged on September 25, 2001, was sentenced on January 10, 2002, and his conviction was affirmed on direct appeal on July 2, 2002. At no time did Appellant raise a due process argument related to the deportation underlying his 8 U.S.C. § 1326 conviction. Section 2255 "is not available to test the legality of matters which should have been raised on appeal." United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). Therefore, Appellant "is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." Id. at 378; United States v. Talk, 158 F.3d 1064, 1067 (10th Cir. 1998); United States v. Frady, 456 U.S. 152, 167-68 (1982).

Appellant's petition does not reveal the cause or reason he failed to raise his St. Cyr argument prior to his conviction or on direct appeal. Thus, Appellant has not established cause sufficient to excuse his procedural default. Similarly, Appellant's petition does not assert that a fundamental miscarriage of justice will occur unless we address his claim. Consequently, because St. Cyr was decided at the time of Appellant's direct appeal and, in fact, at the time of his conviction, Appellant's argument is waived, and we need not address the merits of his claim. Additionally, because Appellant had the opportunity to raise the issue on direct

appeal, we need not decide whether <u>St. Cyr</u> applies retroactively.

Appellant's second argument, that the Government failed to file a written information pursuant to 21 U.S.C. § 851, must fail for two reasons. First, Appellant raised this argument for the first time in this appeal and has thus waived the issue. Second, 21 U.S.C. § 851 applies only to drug cases. Appellant's conviction for re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b) is unrelated to 21 U.S.C. § 851.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge