**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PORTIA LOUDER,

Defendant - Appellant.

No. 17-4022
(D.C. Nos. 2:16-CV-00206-RJS and 2:11-CR-00876-RJS-DBP-1)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.

---

Proceeding *pro se*, Portia Louder seeks to appeal the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. The matter is before this court on Louder's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Louder has not "made a substantial showing of the denial of a constitutional right," this court **denies** her request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2). Louder's motion to proceed *in forma pauperis* is **granted**.

Louder was charged by indictment with making false statements, wire fraud, money laundering, and conspiracy. She underwent a competency evaluation and the district court found her competent to stand trial. In August 2014, Louder pleaded guilty to the wire fraud and conspiracy counts and was sentenced to eighty-four months' imprisonment. Louder did not file a direct appeal.

In her *pro se* § 2255 motion, Louder asserted her guilty plea was not voluntary because she was not competent when she entered the plea. She also asserted her guilty plea was coerced. The claims raised in Louder's motion were addressed by the district court in a comprehensive memorandum decision and order. The district court concluded that Louder's challenges to her convictions are procedurally barred because they were not raised in a direct appeal. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) ("A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."). The court further concluded that, even in the absence of a procedural bar, the claims had no merit.

To be entitled to a COA, Louder must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, she must demonstrate "that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Louder has satisfied her burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims. *Id.* at 338. Although Louder need not demonstrate her appeal will succeed to be entitled to a COA, she must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Louder's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Louder is not entitled to a COA. The district court's resolution of her § 2255 motion is not reasonably subject to debate and the issues she seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Louder's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge