**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WESLEY RYAN WILSON,

    Defendant - Appellant.

No. 20-5077
(D.C. Nos. 4:20-CV-00165-GKF-JFJ &
4:12-CR-00197-GKF-3)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MORITZ, SEYMOUR** and **BRISCOE,** Circuit Judges.

---

Following the district court's dismissal of Mr. Wilson's 28 U.S.C. § 2255 motion,

we granted a certificate of appealability on a single issue: whether the district court erred

when it held that attempted Hobbs Act robbery is a crime of violence under the elements

clause of 18 U.S.C. § 924(c). Shortly thereafter, the Supreme Court granted a writ of

certiorari in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). Because it presented

the same issue, we abated Mr. Wilson's appeal. On June 21, 2022, the Court held that

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attempted Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)'s elements clause because it can be committed without the use, attempted use, or threatened use of force. *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022). We therefore remove Mr. Wilson's motion from abeyance. However, rather than address in the first instance what the Court's decision means for Mr. Wilson's § 2255 motion, we remand his case to the district court for further consideration in light of *Taylor*.[1]

The Clerk shall issue the mandate forthwith.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[1] We decline to address the government's procedural default argument, which it failed to raise below. *See United States v. Allen,* 16 F.3d 377, 379 (10th Cir. 1994).