F I L E D
United States Court of Appeals
Tenth Circuit

FEB 10 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RANDALL C. FAITH,

      Petitioner - Appellant,

v.

RON WARD,

      Respondent - Appellee.

No. 98-7055

(D.C. No. 95-CV-92-B)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

Petitioner Randall C. Faith seeks a certificate of probable cause[1] to appeal the

district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Petitioner's brief actually requests a certificate of appealability allowing him to proceed on appeal. Because Petitioner filed his petition prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244, we construe his request as one for a certificate of probable cause.

We conclude Petitioner has not made a substantial showing of the denial of a federal right. Accordingly, we deny his request for a certificate of probable cause and dismiss the appeal.

Petitioner is an inmate at the Mack Alford Correctional Center in Stringtown, Oklahoma, where he is serving one ten-year and two concurrent fifteen-year sentences for three counts of lewd molestation. Subsequent to pleading guilty and being sentenced on the above counts, Petitioner unsuccessfully sought post-conviction relief from the Oklahoma state courts. On February 28, 1995, Petitioner filed an application for a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma. In support of his application, Petitioner argued that: (1) he did not receive a full and fair hearing on the issues he raised in his state court post-conviction applications; (2) his plea was involuntary; (3) the information failed to charge a crime or confer jurisdiction upon the court; (4) his plea was based on statements made under duress and in violation of the Fifth Amendment; (5) he received ineffective assistance of counsel; (6) he was improperly denied court-appointed counsel on appeal; and (7) he was denied an appeal in violation of the Due Process Clause.

The district court referred the cause to a magistrate. In a thorough and well-reasoned report, the magistrate addressed Petitioner's claims and recommended the petition be dismissed. The district court adopted the magistrate's recommendation and dismissed the petition. On appeal, Petitioner argues that: (1) the state courts and district

2

court erroneously found some of his claims procedurally barred; (2) he was denied effective assistance of counsel on his first appeal; (3) the criminal information fails to confer subject matter jurisdiction on the court because it does not allege facts covering the essential elements of the offenses with which he was charged; (4) his plea was involuntary; and (5) his trial counsel was ineffective.

We have reviewed Petitioner's brief, his application for a certificate of probable cause, the district court's order, the magistrate's recommendation and the entire record before us. We conclude the district court properly relied on the state courts' determination that some of Petitioner's claims were procedurally barred because Petitioner failed to raise them on direct appeal. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). We further conclude that Petitioner's ineffective assistance of counsel claim is barred because he failed to raise it in his first application for post-conviction relief and has shown no cause for failing to do so. Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998). Moreover, Petitioner's failure to provide any evidence of actual innocence further prevents us from considering his procedurally barred claims under the fundamental miscarriage of justice exception. See Herrera v. Collins, 506 U.S. 390, 404 (1993) (fundamental miscarriage of justice exception available only where prisoner supplements constitutional claim with colorable showing of factual innocence).

3

In order for a certificate of probable cause to issue, Petitioner must show a substantial showing of the denial of a federal right, <u>ie.</u>, that the district court's decision is debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. <u>See</u> <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983). Petitioner has made no such showing. Accordingly, his request for a certificate of probable cause is DENIED and his APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

4