**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KENNETH SINOR,

       Petitioner - Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

       Respondents - Appellees.

No. 98-2272

(D. New Mexico)

(D.C. No. CR-98-430-SC)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kenneth Sinor seeks a certificate of appealability in order to appeal from the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also seeks leave to proceed in forma pauperis. Because Sinor has failed to make "a substantial showing of the denial of a constitutional right," we deny his application for a certificate of appealability and dismiss this appeal. 28 U.S.C. § 2253(c)(2).

While he was a parolee of the New Mexico Department of Corrections, Sinor was arrested on new charges. Following his arrest, he was confined to the county jail, and a parole "hold" was issued. Sinor escaped from the county jail, was captured, and subsequently was charged with the crime of escape from a penitentiary. He moved to dismiss, arguing that he was not in the custody of the penitentiary at the time of his escape, and that, therefore, the charge was improper. The state trial court denied his motion, and he then pleaded guilty, reserving the right to appeal the court's ruling. His conviction was entered on December 14, 1989. He appealed, and those proceedings were concluded with the New Mexico Supreme Court's denial of his petition for certiorari on April 26, 1990. On April 5, 1997, Sinor mailed a habeas petition to state court. [1] After the petition was denied, Sinor sought a writ of certiorari, which the New Mexico Supreme Court denied on August 15, 1997. Sinor then filed his federal petition

---

[1]Although we take this date from Sinor's certificate of mailing, we do not consider whether New Mexico law applies any mailbox rule to such state court filings.

on April 13, 1998,[2] contending that he was charged under the wrong statute and that he received ineffective assistance of counsel. The magistrate judge recommended that Sinor's petition be denied on the merits. Sinor filed objections, following which the district court conducted a de novo review and adopted the magistrate judge's recommendations.

On appeal, Sinor's primary argument concerns the alleged misapplication of state law. However, § 2254 federal habeas corpus relief is available only to those held in state custody in violation of federal constitutional or statutory law; it is not available to remedy alleged violations of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Richmond v. Embry, 122 F.3d 866, 870 (10th Cir. 1997), cert. denied, 118 S. Ct. 1065 (1998). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."

---

[2]The relevant dates suggest that the state could have raised a statute of limitations defense, although it did not make such an argument, either in the district court or to us. See 28 U.S.C. § 2244(d); see also Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). We have previously recognized the power of both the district court and this court to raise sua sponte certain nonjurisdictional bars in habeas cases, when doing so furthers "judicial efficiency." United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994). However, inasmuch as we may efficiently dispose of this matter on the arguments actually made to us, we do not now address the issue of whether, and under what circumstances, a court may apply sua sponte a § 2244 statute of limitations bar.

Estelle, 502 U.S. at 67-68.  Therefore, we do not consider Sinor's claims based on violations of state law.

Sinor also alleges that his trial counsel rendered ineffective assistance.  In his brief to us, Sinor's sole basis for this claim is that "[t]he public defender in Chavis County has never won a case," and he complains that no hearings were held to establish the facts.  Appellant's Br. at 12.  In order to prevail on a claim of ineffective assistance of counsel, Sinor must show that counsel's performance was deficient and that counsel's errors prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Sinor's brief to us gives no facts or acts which establish any deficiency or prejudice in his case, and, thus, he has made no showing of ineffectiveness.  We note, however, that the magistrate judge considered the ineffectiveness claim to relate to an alleged failure of counsel to raise the substantive issue regarding the allegedly improper charge against Sinor.  In any event, the state record demonstrates that 1) Sinor's counsel filed timely and thorough motions regarding the issue, and 2) this claim was fully considered and reviewed in New Mexico state courts.  Thus, Sinor has failed to demonstrate ineffectiveness regarding this issue.

We GRANT Sinor's application to proceed in forma pauperis.  For the reasons stated, we DENY the certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT

- 4 -

Stephen H. Anderson
Circuit Judge