F I L E D
United States Court of Appeals
Tenth Circuit

MAR 23 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ALPHONZO SHINE,

      Defendant - Appellant.

No. 98-7096
(D.C. No. CV-97-548-S &
D.C. No. CR-95-4-S)
(Eastern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Alphonzo Shine, a federal prisoner, seeks to appeal the district court's decision denying his motion to vacate, set aside, or correct his sentence

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

under 28 U.S.C. § 2255.  For the reasons set forth below, we deny Mr. Shine's application for a certificate of appealability and dismiss this appeal.

In February 1995, Mr. Shine pleaded guilty to distributing cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to a term of imprisonment of 188 months, followed by sixty months' supervised release.  Mr. Shine filed a notice of appeal thirteen days after the entry of judgment.  This court determined that Mr. Shine's notice of appeal was untimely under Fed. R. App P. 4(b) but remanded the case to the district court for a determination of whether the delay was caused by excusable neglect such that Mr. Shine should be granted an extension of time.  See Rec. doc. 5, at 208 (Order filed August 5, 1995).  On October 20, 1995, this court issued an order noting that the district court had denied Mr. Shine's motion for an extension of time to file the notice of appeal. We concluded that we lacked jurisdiction and dismissed Mr. Shine's appeal.  See id. at 217-218 (Order filed October 20, 1995).

On September 26, 1997, Mr. Shine filed the instant § 2255 motion requesting the district court to vacate his sentence.  He alleged that he had been deprived of his Fifth Amendment right to due process of law and his Sixth Amendment right to effective assistance of counsel.  Mr. Shine based his Fifth Amendment claim on allegations that the indictment failed to provide him adequate notice of the charges against him and that the government had failed to establish at sentencing that he was responsible for distributing the amount of crack cocaine attributed to him.  As to the Sixth Amendment, Mr. Shine

2

alleged that his lawyer's failure to file a timely notice of appeal constituted ineffective assistance of counsel.

The government responded by arguing that Mr. Shine's § 2255 petition was untimely.  See Rec. doc. 6.  The district court did not rule on the timeliness issue but instead concluded that Mr. Shine could not pursue his Fifth and Sixth Amendment claims because he had not established good cause for his failure to present them on direct appeal. See id. doc 10, at 2.  ("The failure of a defendant to present an issue on direct appeal bars the defendant from raising such an issue in a 28 U.S.C. § 2255 Motion to Vacate Sentence unless good cause is shown for failure to raise the issues on appeal. Petitioner has not met this burden.") (citations omitted).  The court observed that  Mr. Shine had voluntarily withdrawn his appeal.  See id.

As a general rule, a defendant cannot raise a claim for the first time in a § 2255 proceeding. However, there are exceptions to this general rule: (1) if a defendant demonstrates cause for the failure to raise the claim and prejudice resulting from that failure; and (2) if a defendant demonstrates that a fundamental miscarriage of justice would result from the failure to consider the claim. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).

Under the first exception, courts have concluded that ineffective assistance of counsel may establish cause and prejudice, allowing a defendant to raise a claim for the first time in a § 2255 proceeding if the failure to raise the claim was caused by counsel's

deficient performance and if, absent counsel's deficient performance, the defendant would have prevailed on the claim. See United States v. Kissick, 69 F.3d 1051, 1054-55 (10th Cir. 1995). Additionally, when a defendant's substantive claim is that he has received ineffective assistance of counsel, the claim may be, and ordinarily should be, raised for the first time in a § 2255 motion. See United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995) (en banc) (concluding that "[n]o procedural bar will apply to [§ 2255] claims [for ineffective assistance of counsel] which could have been brought on direct appeal but were brought in post-conviction proceedings instead').

Here, Mr. Shine has alleged ineffective assistance of counsel, arguing that his counsel's deficient performance resulted in the failure to file a timely notice of appeal. His allegations, if proven, would support his Sixth Amendment claim as well as the contention that there was "cause" for his failure to pursue his Fifth Amendment claims on direct appeal. The district court appears to have rejected Mr. Shine's allegations of ineffective assistance of counsel, reasoning that it was not the ineffectiveness of Mr. Shine's attorney but rather Mr. Shine's voluntary decision that resulted in the dismissal of his appeal.

The record does not support this analysis. As we have as noted, this court dismissed Mr. Shine's appeal not because he moved for dismissal but because the notice of appeal was untimely filed. Thus, accepting Mr. Shine's allegation that the delay in filing the notice of appeal was caused by his counsel's deficient performance, Mr.

Shine's failure to pursue the direct appeal does not bar him from raising his Fifth and Sixth Amendment claims in a § 2255 motion.

Nevertheless, an alternative ground supports the district court's denial of Mr. Shine's motion. As the government observed, 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), establishes a one-year time period for filing motions to vacate, modify, or set aside sentences under that section. Although the one-year period is triggered by varying events, we held in United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997) that "prisoners whose convictions became final on or before April 24, 1996 must file their § 2255 motions before April 24, 1997." Mr. Shine falls into this category. His conviction became final when this court dismissed his appeal on October 20, 1995. He has alleged nothing that would justify any tolling of this time period. As a result, under § 2255, as interpreted by Simmonds, Mr. Shine was required to file his motion before April 24, 1997. Mr. Shine did not meet this deadline. He filed his motion on September 27, 1997, well after the end of the one year period established by Simmonds. Accordingly, Mr. Shine's § 2255 motion is time- barred.

We therefore deny Mr. Shine's application for a certificate of appealability and dismiss this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge

5