**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

v.

JAMES H. EADS,

            Defendant - Appellant.

No. 02-1217
(D.C. Nos. 01-S-1077
and 96-CR-203-S)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **McWILLIAMS** , Senior Circuit Judge, and **McKAY** , Circuit Judge.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On April 9, 1996, an undercover government agent delivered approximately one pound of a substance containing methamphetamine to Mr. Eads in a hotel

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

room in California. In exchange, Mr. Eads provided firearms, ammunition, an explosive device that he identified as coming from co-defendant Robert Bernhardt, and U.S. currency. This transaction was videotaped.[1]

Following a jury trial commenced on April 27, 1998, and concluded on May 19, 1998, Mr. Eads was convicted of conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846 (count 1); possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 18 U.S.C. § 2 (count 2); and using or carrying a firearm in connection with a drug trafficking offense, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) (count 3). On August 19, 1998, Mr. Eads was sentenced to life imprisonment on count 1; 235 months imprisonment on count 2, to be served concurrently with count 1; and thirty years imprisonment on count 3 to be served consecutively.

We affirmed Mr. Eads' conviction on direct appeal. United States v. Eads, 191 F.3d 1206 (10th Cir. 1999). He now seeks a certificate of appealability (COA) to pursue his appeal of the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. Determining that Mr. Eads has not met the statutory requirements, we deny his application and dismiss the

---

[1] In his brief, Mr. Eads adopted the facts as set forth in our direct review of his appeal, United States v. Eads, 198 F.3d 259 (10th Cir. 1999). We do the same.

appeal.

Initially, we note that we must construe Mr. Eads' pleadings liberally because he is proceeding pro se. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). To be entitled to a COA, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Mr. Eads raises three arguments in his COA brief: (1) the jury's verdict on count 1, for conspiracy to possess with the intent to distribute, is ambiguous because it does not specify whether the jury found the object of the conspiracy to be cocaine or methamphetamine; (2) the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), in not submitting the drug-quantity determination to the jury; and (3) the district court erred in failing to find that Mr. Eads lacked the requisite mens rea. We consider each contention in turn.

First, Mr. Eads failed to raise his argument alleging ambiguity in the jury's verdict on direct review. When considering a habeas petition,[2] we are barred

---

[2] Mr. Eads argues that we should consider this claim under the plain-error standard of Federal Rule of Criminal Procedure 52(b). This is the standard

from considering claims that were not raised on direct appeal, "unless [petitioner] can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (citation omitted). Mr. Eads failed to point to any cause for this procedural error.[3] Further, as the district court pointed out, the jury convicted Mr. Eads for possession of methamphetamine with intent to distribute under count 2 of the indictment, and this was an overt act in furtherance of the conspiracy charged in count 1. Thus, no "fundamental miscarriage of justice will occur if [this] claim is not addressed." Id.

Second, we may not consider Mr. Eads' arguments under Apprendi on collateral review. See United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (citations omitted) ("Apprendi is not a watershed decision and hence is not retroactively applicable to initial habeas petitions.").

Finally, we construe Mr. Eads' third argument to be twofold. First, Mr.

---

[2](...continued)
applicable in the context of direct appeal, not habeas review. On habeas review, we apply the standard set forth in United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).

[3] Mr. Eads argued that his counsel was ineffective in the district court, but did not raise this argument in his COA application in this court. Although cause can be established by showing constitutionally ineffective assistance of counsel, Hickman v. Spears, 160 F.3d 1269, 1272 (10th Cir. 1998), we agree with the district court's conclusion that Mr. Eads received effective assistance of counsel.

Eads argues that, under 18 U.S.C. § 924(c), the government must prove that the defendant knowingly possessed a "machinegun." We addressed this argument on direct appeal. See Eads, 191 F.3d at 1213-14 ("[A] separate mens rea for the type of weapon need not be proven . . . [so long as it] is a sentencing enhancement rather than an element of the offense . . . [and] the type of firearm used or carried is a sentencing enhancement rather than an element of the offense.").[4] We decline to revisit it. See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.") (citation omitted). Mr. Eads' additional argument is that the evidence failed to establish the requisite mens rea. Again, we addressed this question on direct appeal, noting the "district court's finding that there was sufficient evidence that Mr. Eads knew that the firearm was a machine gun." Eads, 191 F.3d at 1214. We will not reconsider this argument, under Prichard, 875 F.2d at 791.

---

[4] To the extent an Apprendi question lurks in the background, we again cannot address it on collateral review. Mora, 293 F.3d at 1219.

The application for a certificate of appealability is therefore DENIED.

Appellant's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge