**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAY VAN JACKSON, III, also known
as Little Jay,

Defendant - Appellant.

No. 02-8083
(D. Ct. Nos. 99-CV-237-B and
96-CR-78-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **HOLLOWAY**, and **McKAY**, Circuit
Judges.

---

After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally
disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I.    Background

Petitioner Jay Van Jackson, III, was convicted for conspiracy to receive, possess, and transport stolen firearms, in violation of 18 U.S.C. § 371; possession of a firearm in relation to a drug trafficking felony, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  This court affirmed his conviction and sentence on direct appeal. United States v. Jackson, 161 F.3d 18 (Table) (10th Cir. 1998).  He now seeks a certificate of appealability (COA) to pursue his appeal of the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255.  Determining that Mr. Jackson has not met the statutory requirements,  we deny his application and dismiss the appeal.

## II.    Discussion

### A.    Standard of Review

We first note that pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  In reviewing the denial of a § 2255 motion, we review for clear error the district court's factual findings, and we review legal conclusions de novo. United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998).  To be entitled to a COA, Mr. Jackson must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  He can make this showing by

establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

### B. Analysis

Mr. Jackson raises a number of arguments in his habeas petition not raised on direct appeal. When considering a habeas petition, we are barred from considering claims that were not raised on direct appeal, absent a showing of cause and prejudice, or a miscarriage of justice. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). This bar does not, however, apply to an ineffective assistance of counsel claim. United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995).

As to the claims – other than the ineffective assistance claims – raised for the first time in his habeas petition, Mr. Jackson has failed to make the requisite showing of cause and prejudice. Accordingly, these claims are procedurally barred. Allen, 16 F.3d at 378. Further, in reviewing Mr. Jackson's argument, we find no merit to these claims.

Under the separate standard applicable to ineffective assistance claims articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), defendant must show that (1) his counsel made sufficiently serious errors that she "was not

functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment," and (2) that such "deficient performance prejudiced the defense." Id. We conclude that Mr. Jackson did not receive ineffective assistance of counsel for substantially the reasons set forth by the district court.

III.    <u>Conclusion</u>

Mr. Jackson has failed to raise a constitutional claim debatable by reasonable jurists. The application for a certificate of appealability is therefore DENIED and the appeal is DISMISSED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge