**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 05-1063 |
| v. | (D. Colorado) |
| ANTHONY WALTER SMITH, | (D.C. No. 97-WM-778 and 91-CR-188) |
| Defendant - Appellant. | |

**ORDER**

Before **HARTZ**, Circuit Judge, **BARRETT**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

Anthony Walter Smith was convicted in United States District Court for the District of Colorado on 28 counts. The principal charge was that he operated a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. A person is engaged in a CCE if he (1) violates any provision of subchapters I or II of the Controlled Substances Act (CSA) that is punished as a felony, and (2) that violation is part of a continuing series of such violations that is "undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management" and "from which such person obtains substantial income or resources." 21 U.S.C. § 848(c). Mr. Smith was also convicted of one count of

conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846; nine counts of possession with intent to distribute various amounts of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and 17 counts of laundering monetary instruments, in violation of 18 U.S.C. § 1956(a)(1). The 10 charged drug offenses were also predicate violations for the CCE charge. Mr. Smith appealed his conviction and sentence to this court and we affirmed. *United States v. Smith*, 24 F.3d 1230 (10th Cir. 1994).

Mr. Smith then filed a motion under 28 U.S.C. § 2255 in the district court. The court granted his motion in part, ordering that he could not be sentenced for both the CCE offense and the lesser included offense of conspiracy. The court denied the remainder of his motion. The court also denied a certificate of appealability (COA) under 28 U.S.C. § 2253(c). Mr. Smith now seeks a COA from this court. He asserts that (1) he was subjected to double jeopardy by being sentenced for both CCE and the predicate offenses of aiding and abetting (the possession offenses were charged as violations of 21 U.S.C. § 841 and 18 U.S.C. § 2), and (2) he was denied effective assistance of counsel because his trial counsel failed to request proper jury instructions. We deny a COA as to both issues.

I.    **DISCUSSION**

    A.    **Standard of Review**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claim on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

B.    **Double-Jeopardy Claim**

Mr. Smith contends that double-jeopardy principles require us to vacate his convictions on counts 3 through 11 of the indictment, in which he was charged with violations of 21 U.S.C. § 841 (drug offenses) and 18 U.S.C. § 2 (aiding and abetting). Although this claim was not raised on direct appeal, *Smith*, 24 F.3d at 1232, and therefore may be procedurally barred, *see United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994), we will address it on the merits because the government has not urged us to apply the procedural bar, *see id.* at 379.

The Double Jeopardy Clause of the Constitution states: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The prohibition on double jeopardy "has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against

multiple punishments for the same offense." *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980) (internal quotation marks omitted). Double-jeopardy principles are implicated here by Mr. Smith's contention that his sentences for both CCE and the predicate offenses of aiding and abetting unconstitutionally punish him twice for the same conduct.

In rejecting Mr. Smith's claim, however, the district court relied on two grounds, one of which is unchallenged in this court. The district court observed that "the jury's Verdict Form indicates that the jury found Smith had directly violated each of the substantive drug laws alleged in . . . counts [3 through 11], and did not find him liable under 18 U.S.C. § 2 [aiding and abetting] for any of these counts." Aplt's App. Vol. 1 at 10. Mr. Smith's brief in this court complains that the trial judge *instructed* the jury on aiding and abetting, but he does not explain (nor do we see) how he could have been harmed by the instructions in light of the jury's verdict. We note that, as recognized in Mr. Smith's brief, double-jeopardy principles are not violated by conviction and punishment for both CCE and the predicate substantive offenses making up the series of violations. *Garrett v. United States*, 471 U.S. 773, 793 (1985). (This is not to say that we agree with Mr. Smith that there is a double-jeopardy bar when the predicate offenses are aiding-and-abetting offenses. We need not reach that issue.)

-4-

Because Mr. Smith has not contested the district court's finding regarding the verdict forms, no reasonable jurist would find the district court's assessment of Mr. Smith's constitutional claim debatable or wrong. We therefore deny a COA on this issue.

### C.     Ineffective Assistance of Counsel

Among the elements of CCE are that the defendant commit a "continuing series of violations" and that the violations be undertaken "in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management." 21 U.S.C. § 848(c). Mr. Smith appears to make two claims of ineffective assistance of counsel based on this element of CCE. First, he claims that his trial counsel was ineffective for failing to request that the trial judge name the specific people whom the jury could consider to be part of the criminal enterprise. Second, he claims that his trial counsel was ineffective for failing to request a jury instruction requiring the jury to agree unanimously on which five people he managed as part of the criminal enterprise.

Although Mr. Smith did not raise on direct appeal his claim of ineffective assistance of counsel, generally such claims are better raised through a collateral attack, so he is not barred from first raising the claim under § 2255. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). To establish that his

counsel was ineffective, Mr. Smith must show both "that counsel's representation fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Review of counsel's performance must be "highly deferential" to avoid the distortion of hindsight, and a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Actual prejudice requires a showing of a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Stevens*, 978 F.2d 565, 568 (10th Cir. 1992). We need not address both prongs of the *Strickland* test if one prong is not satisfied. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

With respect to Mr. Smith's first contention, we hold that there was no prejudice. On direct appeal he argued that the district court committed plain error in failing to instruct the jury as to persons who could not be considered part of the continuing criminal enterprise. *United States v. Smith*, 24 F.3d 1230, 1233 (10th Cir. 1994). We rejected the argument because such an instruction is unnecessary unless the prosecution has urged "consideration of people who as a matter of law do not meet the continuing criminal enterprise definition," *id.* at 1234, and

because it was not "clear or obvious" that the individuals put forth by the prosecution as Mr. Smith's supervisees could not legally have been considered by the jury, *id*. Here, Mr. Smith raises a mirror-image contention, suggesting that his counsel should have sought an instruction stating "specifically. . . which people were being considered as meeting the five-person requirement." Aplt. Br. at 15. Our reasoning on Mr. Smith's direct appeal also applies in this case. As each of the individuals whom the prosecution discussed could have been legally considered by the jury to qualify as one of the five supervisees, it would have been proper to refuse the suggested instruction, so Mr. Smith was not prejudiced by his counsel's failure to request it.

As for Mr. Smith's claim that his trial counsel was ineffective for failing to request a jury instruction requiring the jury to agree unanimously on the five persons he managed, his counsel's performance did not fall below an objective standard of reasonableness. He admits that the trial court instructed the jury that it must unanimously agree on the five persons with whom Mr. Smith acted "in concert." Rather, the basis of his claim is the trial judge's alleged failure to reiterate that these must be the same five people whom he supervised. The trial judge, however, instructed the jury as follows:

> A person is engaged in a continuing criminal enterprise if he violates any provision of this title or title III . . . and such violation is part of a continuing series of violations . . . which are undertaken by such persons [sic] in concert with five or more other person [sic] with

> respect to whom such person occupies a position of organizer, a supervisory position or any other position of management . . . In order to sustain its burden of proof for the crime of operating a continuing enterprise, the government must prove . . . the defendant acted as an organizer, supervisor or manager of the five or more other persons.

Aplt. App. 1 at 11-12 (emphasis omitted). As we read this instruction, the five persons with whom he acts in concert must be the same five persons he manages.

Moreover, although Mr. Smith may be correct that jury unanimity is required with respect to which five persons he managed and acted in concert with, the law was hardly clear at the time of trial, and still is not. In *Richardson v. United States*, 526 U.S. 813, 815 (1999), the Supreme Court held that a jury must agree unanimously on which three or more violations make up the "series of violations" required by the statute. The Court reasoned that the choice of the term *violations*, a word that indicates conduct contrary to law, is significant because by tradition juries must act unanimously when determining whether a defendant has violated the law. *Id.* at 819. Also, in light of the wide range of offenses that could constitute a *violation* under the statute, the Court reasoned that not requiring jury unanimity with respect to the violations would approach the constitutional boundaries of the state's "power to define crimes in ways that would permit juries to convict while disagreeing about means, at least where that definition risks serious unfairness and lacks support in history or tradition." *Id.* at 820. In contrast, however, the Court assumed, without deciding, that there was no

unanimity requirement with regard to the five-persons element of the CCE statute. *Id.* at 824. *Richardson* noted that the five-persons element differed from the series element "in respect to language, breadth, [and] tradition . . . ." *Id.* Accordingly, we read *Richardson* narrowly in *United States v. Almaraz*, 306 F.3d 1031, 1038 (10th Cir. 2002) (violations required by § 848 need not be actual convictions). Thus, Mr. Smith's unanimity argument hardly seems to be one that was destined for success if raised at trial. Mr. Smith's trial counsel was not unreasonable in failing to raise that argument, given the lack of precedential support for the argument and the apparent conformity of the trial court's instructions with what Mr. Smith now urges.

Because no reasonable jurist could determine that Mr. Smith's constitutional rights were violated, we deny a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge