**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY WALTER SMITH,

Defendant-Appellant.

No. 13-1151
(D.C. Nos. 1:13-CV-00771-LTB &
1:91-CR-00188-LTB-4)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **KELLY** and **PHILLIPS**, Circuit Judges.

Anthony Walter Smith, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his successive

28 U.S.C. § 2255 motion for lack of jurisdiction. We deny a COA and dismiss the

matter.

Mr. Smith was convicted on twenty-eight counts arising from crack cocaine

trafficking, including charges of engaging in a continuing criminal enterprise (CCE),

conspiracy, crack cocaine distribution, and money laundering. His convictions were

affirmed on direct appeal. *See United States v. Smith*, 24 F.3d 1230, 1232 (10th Cir.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1994).  He then filed a 28 U.S.C. § 2255 motion.  The district court granted the motion in part, ordering that he could not be sentenced for both the CCE offense and the lesser-included offense of conspiracy.  *See United States v. Smith*, 152 F. App'x 753, 754-55 (10th Cir. 2005).  The court vacated the conspiracy conviction and the corresponding life sentence, and denied the remainder of the motion.  Mr. Smith sought a COA to appeal two issues, but we denied his request.  *See id*. at 755.

In March 2013, Mr. Smith filed a "Successive 28 U.S.C. § 2255 Motion Challenging the Sentence and Conviction Pursuant to a Right Initially Recognized By the Supreme Court."  The district court determined that it was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.  Mr. Smith now seeks a COA to appeal that dismissal.

To obtain a COA, Mr. Smith must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Smith acknowledged in his filing in the district court that his motion was a successive § 2255 motion.  But, as the district court noted in its order, Mr. Smith did not allege that he had obtained the necessary authorization from this court to file a second or successive § 2255 motion.  Under these circumstances, the district court determined that it must either dismiss the § 2255 motion for lack of jurisdiction or transfer it to this court.  It concluded that transfer was not in the interest of justice

because the motion was time-barred and "Mr. Smith fail[ed] to demonstrate that [his] claim [was] based on either newly discovered evidence or a new rule of constitutional law, as required pursuant to § 2255(h)(2)." R., Vol. 1 at 21.

In his COA application, Mr. Smith asserts that the district court erred in determining that it lacked jurisdiction because 28 U.S.C. § 2255(f) and (h)(2) "granted the District Court the authority to review his constitutional claims." COA App. at 3. That statement is not accurate. Section 2255(f) discusses the one-year filing deadline for first § 2255 motions and says nothing about the district court's authority to review successive § 2255 claims. Section 2255(h)(2) would permit a district court to review successive § 2255 claims, if they were "certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Mr. Smith, however, failed to seek authorization from this court to file a second or successive § 2255 motion, as required by § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Accordingly, the district court properly determined that it lacked jurisdiction to consider Mr. Smith's successive § 2255 motion.

Mr. Smith also asserts that the holdings in the Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), support his claim that he received ineffective assistance of counsel during the plea process and must be retroactively applied to his case. But we recently joined six other circuits in holding that these Supreme Court decisions do not establish a new rule of constitutional law. *See In re Graham*, 714 F.3d 1181, 1182-83 (10th Cir. 2013) (per curiam).

Reasonable jurists could not debate that the district court was correct to treat Mr. Smith's new § 2255 motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Mr. Smith's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -