**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**July 6, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAWN MARIE NELSON,

      Defendant - Appellant.

No. 04-6279
(D.C. No. CR-03-006)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **MCKAY** and **HENRY**, Circuit Judges.

---

In this direct criminal appeal, we hold that Defendant Dawn Marie Nelson's

waiver of her appellate rights—made before the Supreme Court issued its opinion

in Blakely v. Washington, 124 S. Ct. 2531 (2004)—bars our consideration of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant's claim that the district court imposed a sentence that violated <u>Blakely</u>.

We therefore DISMISS the appeal.

## I. Background

Defendant Dawn Marie Nelson and eight co-defendants were indicted for drug and firearms offenses in early 2003. Nelson agreed to plead guilty to a superseding information. This information charged her with (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)-(2); and (2) knowingly and intentionally using a telephone in committing or facilitating distribution of methamphetamine, in violation of 21 U.S.C. § 843(b). The plea agreement entered into by Defendant and the government on February 9, 2004 states:

> [D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:
>
> a. Appeal or collaterally challenge her guilty plea and any other aspect of her conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>
> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, her sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case. . . .
>
> c. It is provided that (i) defendant specifically does not waive the right to appeal an upward departure from the

sentencing guideline range determined by the Court to apply to this case, and (ii) her waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Later on February 9, Defendant pled guilty to the superseding information pursuant to this plea agreement.

In sentencing Defendant in August 2004—some two months after the Supreme Court decided Blakely—the district court pronounced two alternative sentences: one of 168 months' imprisonment based on the application of the sentencing guidelines, and an alternative sentence of 168 months' imprisonment based on the application of the relevant statutes, which was to be imposed in the event that the sentencing guidelines were found unconstitutional. Defendant timely appealed, asserting that the district court improperly enhanced her sentence on the basis of drug amounts that were not ascertained by a jury, in violation of Blakely.[1] After Defendant filed her opening brief in this appeal, the government filed a brief raising, inter alia, the issue of Defendant's appellate rights waiver.

---

[1]Defendant's citation of Blakely is sufficient to raise an argument under United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Clifton, 406 F.3d 1173, 1175 n.1 (10th Cir. 2005).

Defendant had an opportunity to file a reply brief addressing the government's arguments but failed to do so.

## II. Analysis

"[W]e generally enforce plea agreements and their concomitant waivers of appellate rights." United States v. Hahn, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc) (per curiam). In considering whether to dismiss appeals brought by defendants who have waived their appellate rights in a plea agreement, we determine whether (1) the appeal falls within the scope of the appellate waiver; (2) the defendant's waiver of his or her appellate rights was knowing and voluntary; and (3) enforcement of the appellate waiver would result in a miscarriage of justice. Id. at 1325.

In this case, the government argues that Defendant's appeal falls within the scope of her appellate rights waiver, the waiver was knowing and voluntary, and enforcement of the waiver would not result in a miscarriage of justice. Defendant fails to counter any of these arguments. Defendant had an opportunity to make such assertions in a reply brief, but defense counsel did not even file such a brief. Accordingly, we must enforce Defendant's appellate rights waiver and dismiss her appeal. See Hahn, 359 F.3d at 1328-29.[2]

_____

[2]Hahn states that, in cases in which a defendant files a notice of appeal after waiving his or her appellate rights, the government should file a motion to

(continued...)

Even if Defendant had argued against the enforcement of the appellate rights waiver, we would find that waiver enforceable under the three-part <u>Hahn</u> test. Moreover, even if we were to refrain from enforcing Defendant's appellate rights waiver, we would deny Defendant relief. The district court's determination of drug quantity at sentencing constituted harmless error because the district court imposed identical alternative sentences under the sentencing guidelines and the relevant statutes. <u>See</u> <u>United States v. Serrano-Dominguez</u>, 406 F.3d 1221, 1223-24 (10th Cir. 2005).

[2](...continued) enforce the plea agreement before the parties brief the underlying merits of the case. <u>See</u> 359 F.3d at 1328. In this case, the government did not file such a motion.

The approach taken by the government in this case is not consistent with the procedure laid out in <u>Hahn</u>, and we urge the government to employ the proper procedure in the future. Nonetheless, the government's erroneous approach does not preclude us from enforcing Defendant's appellate rights waiver. Because Defendant had an opportunity to file a reply brief addressing the government's waiver argument, Defendant has not been prejudiced by the fact that the government raised the argument in its appellate brief. The fact that Defendant did not actually file such a reply brief does not alter this conclusion. <u>See generally</u> <u>United States v. Garrett</u>, 402 F.3d 1262, 1266 (10th Cir. 2005) (emphasizing the substantive nature of the analysis that we apply before considering the appellate arguments of a defendant who has waived his or her appellate rights, not the procedure followed by the government in responding to the defendant's filing of a notice of appeal).

## III. Conclusion

For the foregoing reasons, we DISMISS Defendant's appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge