FILED
United States Court of Appeals
Tenth Circuit

April 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAWN MARIE NELSON,

Defendant - Appellant.

No. 09-6271

(W.D. Oklahoma)

(D.C. No. CV-06-00780-M)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Dawn Marie Nelson, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable her to appeal the district court's

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denial of her 28 U.S.C. § 2255 application to vacate, set aside or correct her sentence. We deny her a COA and dismiss this matter.

## BACKGROUND

Ms. Nelson pled guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of using a telephone in committing or facilitating the commission of the distribution of methamphetamine, in violation of 21 U.S.C. § 843(b). In preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG"), a presentence report ("PSR") was prepared, to which Ms. Nelson objected. On August 18, 2004, the district court conducted a sentencing hearing and sentenced Ms. Nelson to consecutive prison terms of 120 months on the first count and forty-eight months on the second count. These were the statutory maximum sentences as to each count. The court then imposed an identical alternative sentence, to be effective if the Guidelines, which were being challenged at the time, were later found to be unconstitutional.

Ms. Nelson filed a direct appeal with this court, in which she attempted to evade the consequences of her plea agreement. United States v. Nelson, 139 Fed. Appx. 87 (10th Cir. 2005). Our court enforced her appellate rights plea waiver and dismissed her appeal.

Ms. Nelson then filed the instant motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct her sentence. Following her amendment of her motion, the government filed its response and Ms. Nelson filed a reply The district court denied her§ 2255 motion, granted her permission to proceed on appeal *in forma pauperis*, but did not act on her COA application. Accordingly, Ms. Nelson has filed an application for COA before our court.

**DISCUSSION**

The issuance of a COA is jurisdictional. We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S. C. § 2253(c)(2). To make this showing, Ms. Nelson must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a claim on its merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court dismisses a petition on procedural grounds, the applicant must not only make a substantial showing of the denial of a constitutional right; she must also demonstrate that the district court's "dismissal on procedural grounds was debatable or incorrect." Id. at 485. "Where a plain

-3-

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should not be allowed to proceed further." Id. at 484.

In her § 2255 motion before the district court, Ms. Nelson argued that: (1) the government breached the plea agreement; (2) her plea was not knowing and voluntary; (3) her sentence was the result of unproven sentencing enhancements in violation of the Sixth Amendment and the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005), Cunningham v. California, 549 U.S. 270 (2007), and Blakely v. Washington, 542 U.S. 296 (2004), and (4) her counsel was ineffective.

The district court first considered whether Ms. Nelson's counsel had been ineffective. Applying the standards of Strickland v. Washington, 466 U.S. 668 (1984), the court concluded that Ms. Nelson's attorney was not ineffective in connection with his representation of Ms. Nelson throughout the guilty plea, sentencing process and appeal.

The district court next considered whether the government had breached the plea agreement and whether Ms. Nelson's plea was knowing and voluntary. The court observed that Ms. Nelson raised neither of these issues in her direct appeal, and that "§ 2255 is not available to test the legality of matters which should have been raised on appeal." Order at 5, R. Vol. 1 at 173 (quoting United States v.

Allen, 16 F.3d 377, 378 (10th Cir. 1994)).  More specifically, the court correctly noted that "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  Id. (quoting Allen, 16 F.3d at 378).  Applying the cause and prejudice analysis, the district court concluded that "Nelson has neither shown cause for her procedural default and actual prejudice resulting from the alleged error nor shown that a fundamental miscarriage of justice will result if these grounds for relief are not addressed."  Id. at 6.

Ms. Nelson's final claim was that her sentence violated the Sixth Amendment and various Supreme Court decisions, including Booker.  As the district court observed, Ms. Nelson made this argument in her direct appeal, and this court rejected it, stating:

> even if we were to refrain from enforcing Defendant's appellate rights waiver, we would deny Defendant relief.  The district court's determination of drug quantity at sentencing constituted harmless error because the district court imposed identical alternative sentences under the sentencing guidelines and the relevant statutes.

Nelson, 139 Fed. Appx. at 90.  "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."  Order at 7, R. Vol. 1 at 175 (quoting United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989)).  The

district court accordingly denied Ms. Nelson's § 2255 motion and denied her request for an evidentiary hearing.

No reasonable jurist could question the propriety of the district court's thorough and careful analysis of Ms. Nelson's arguments, both substantive and procedural. We therefore deny her request for a COA, for essentially the reasons stated in the district court's order, and we dismiss this matter.

## CONCLUSION

Because we determine that no jurists of reason would find it debatable whether the district court was correct in denying Ms. Nelson's § 2255 petition, we DENY Ms. Nelson's application for a COA and DISMISS this matter. We also conclude that the district court did not abuse its discretion in denying Ms. Nelson an evidentiary hearing.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge