FILED
United States Court of Appeals
Tenth Circuit

August 13, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES CORNELIUS CHRISTIAN,

    Defendant - Appellant.

No. 20-6037
(D.C. Nos. 5:19-CV-00975-R &
5:17-CR-00068-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

James Christian seeks a certificate of appealability ("COA") to appeal the district

court's denial of his motion under 28 U.S.C. § 2255. We deny a COA and dismiss this

appeal.

**I**

In 2017, Christian was charged with two counts of being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g). At trial, Christian argued that the government

entrapped him because its confidential informant had maintained a close, sexual

relationship with him. After the jury acquitted him on the first count but returned a guilty

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

verdict on the second count, the court sentenced Christian to 235 months' imprisonment. On direct appeal, Christian's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Christian filed a pro se response. We affirmed his conviction and sentence. United States v. Christian, 754 F. App'x 747 (10th Cir. 2018) (unpublished).

Christian filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255. He brought eight claims, arguing that: (1) his Sixth Amendment rights were violated because he was denied his right to counsel; (2) his Fourth Amendment rights were violated because the confidential informant spent time in his home; (3) his Fourth Amendment rights were violated because the confidential informant used drugs in his presence; (4) his Fifth Amendment right to be free from forced self-incrimination was violated; (5) his Fourth Amendment rights were violated because the confidential informant placed him in danger by using drugs while they had sex; (6) his Fourth Amendment rights were violated because the confidential informant perjured herself; (7) his Sixth Amendment rights were violated because the government refused to turn over recordings of phone conversations he had with the confidential informant; and (8) his Fourteenth Amendment rights were violated because the confidential informant conspired with a federal agent and because he is being denied equal protection.

The district court deemed all of the claims except ground seven to be either matters "raised and adjudicated on direct appeal" and therefore not appropriate for reconsideration, Abernathy v. Wandes, 713 F.3d 538, 549 (10th Cir. 2013), or "matters which should have been raised on appeal" and therefore barred absent a showing of cause and prejudice, see United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (quotation

omitted). Christian attempted to surmount the procedural bar by arguing that grounds one and two were premised on newly discovered evidence that was not previously available. The district court concluded that the evidence he identified was not newly discovered.

With respect to ground seven, the court concluded that Christian failed to demonstrate that counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668 (1984). Because the record demonstrated that there were no recordings of phone calls between the confidential informant and Christian, the court concluded that counsel was not deficient in failing to procure recordings that did not exist. The court denied Christian's motion and denied him a COA. Christian now seeks a COA from this court.

**II**

A prisoner may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). If a district court dismisses a § 2255 motion on procedural grounds, we will issue a COA only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Because Christian proceeds

3

pro se, we liberally construe his pleadings but "do not assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

Christian concedes on appeal that all of his claims except for ground seven were raised on direct appeal. Review of these claims is therefore barred by the law of the case.[1] See Abernathy, 713 F.3d at 549. There are three exceptions to the law-of-the-case doctrine: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998); see also United States v. Trent, 884 F.3d 985, 995 (10th Cir.), cert. denied, 139 S. Ct. 615 (2018) (exceptions apply to § 2255 motions). Christian does not argue that grounds one to six and eight fall into any of these exceptions. Accordingly, we deny a COA as to these claims.

In his remaining claim, ground seven, Christian argues that his counsel was constitutionally ineffective because his counsel failed to uncover favorable evidence.[2] Specifically, Christian argues that his counsel should have secured copies of recordings

---

[1] The district court concluded that all claims were either raised on direct appeal or procedurally barred because they should have been raised on direct appeal. Although the district court did not specify which claims fell into which category, we need not address this issue because of Christian's concession.

[2] Although Christian does not frame ground seven as an ineffective-assistance-of-counsel claim in his opening brief, we, like the district court, construe it as such a claim. To the extent Christian argues that the trial court erred in failing to provide the recordings, he concedes that he raised this issue on direct appeal.

of phone calls he made to the confidential informant.  To succeed on an ineffective assistance claim, a prisoner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense."  Strickland, 466 U.S. at 687.

Christian asserts that he repeatedly asked for the recordings.  However, as the district court noted, there was record evidence that there were no recordings made of the informant's conversations with Christian.  The court concluded that Christian's counsel was not ineffective for failing to provide Christian with tapes that do not exist.  We agree. Without evidence that the tapes exist, Christian cannot demonstrate that his counsel was deficient in failing to procure them.[3]  See id.

For these reasons, we conclude that reasonable jurists would not disagree with the district court's ruling.

---

[3] In his opening brief, Christian raises several other arguments that his counsel was ineffective, including that counsel (1) submitted an Anders brief on direct appeal, (2) failed to impeach the federal agent's testimony about the lack of recordings, (3) failed to argue that the confidential informant put Christian's life in danger, (4) failed to argue "right to privacy—secret agent" about the confidential informant's access to Christian's home, and (5) discriminated against Christian because he was black and a felon. However, Christian raised none of these arguments before the district court.  We therefore decline to consider them.  See Harmon v. Sharp, 936 F.3d 1044, 1069 (10th Cir. 2019).

## III

We **DENY** a COA and **DISMISS** this appeal.  Christian's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge