FILED
United States Court of Appeals
Tenth Circuit

August 27, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MILLARD RAY LASKEY,

Defendant - Appellant.

No. 25-5087
(D.C. Nos. 4:24-CV-00441-GKF-CDL
& 4:22-CR-00186-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Millard Ray Laskey, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion.[1] He also requests to proceed in forma pauperis (IFP) on appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and § 2253, we deny his motion to proceed IFP and we deny his application for a COA.

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Laskey proceeds pro se, we liberally construe his arguments, but we do not serve as his advocate. _See United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009).

## BACKGROUND

In 2022, a federal grand jury indicted Laskey on three counts related to Laskey's striking his stepson with a machete in Indian Country. At his initial appearance, Laskey completed an affidavit on his financial ability to employ defense counsel. The magistrate judge found that Laskey lacked the finances to obtain counsel and thus appointed him counsel.

Laskey moved for and received two trial continuances. Just two days before trial was set to begin, Laskey moved to continue a third time, on the ground that Laskey wanted new counsel. The motion stated that Laskey was "dissatisfied" with his appointed counsel and that he "reportedly ha[d] an attorney in mind to come on as private counsel." *United States v. Laskey*, No. 4:22-CR-00186-GKF-1, (N.D. Okla. Sept. 24, 2022), ECF No. 66 at 1.

On the morning that trial was set to begin, the trial court held a hearing to resolve the motion to continue and to determine counsel. At the hearing, Laskey told the trial court that he had "talked to another attorney who was supposed to enter" an appearance the week before, but that he had been unable to contact that attorney. *United States v. Laskey*, No. 4:22-CR-00186-GKF-1, (N.D. Okla. Feb. 24, 2023), ECF No. 98 at 4. Laskey confirmed that the attorney had not entered an appearance in the case.

In response, the trial court noted that the motion was filed at the "eleventh hour," that the court's packed schedule would be greatly burdened by another continuance, and that Laskey's appointed counsel had been "exemplary

2

in its zealousness" thus far. *Id.* at 22–24. The trial court also noted that Laskey had conceded that he could communicate with his attorneys and that he had not shown that his disagreements with his attorneys "preclude[ed] an adequate defense." *Id.* at 22. For these reasons, the trial court denied Laskey's motion for a continuance and his request to substitute counsel.

The trial began as scheduled that day. The jury acquitted him on two charges, but it convicted him of assault with a dangerous weapon with intent to do bodily harm in Indian Country. He was sentenced to 54 months' imprisonment. On direct appeal, Laskey argued that the trial evidence failed to establish jurisdiction. We affirmed his conviction. *United States v. Laskey*, No. 22-5115, 2024 WL 3898299, at *1 (10th Cir. Aug. 22, 2024) (unpublished).

After his direct appeal, Laskey filed a § 2255 motion to vacate or set aside his conviction, arguing for the first time that the trial court denied him his Sixth Amendment right to choose his own trial counsel. He also asserted that his trial counsel was ineffective for failing to protect his right to choose his own counsel and for failing to present certain evidence at trial. The district court denied the motion and denied Laskey a COA. Laskey timely appealed, moving for a COA and to proceed IFP.

## DISCUSSION

Laskey must obtain a COA to appeal the district court's decision denying his § 2255 motion. *See* 28 U.S.C. § 2253(c). To do so, he must show "that reasonable jurists would find the district court's assessment of the

3

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As stated, the district court concluded that Laskey had not been denied (I) the right to choose his own counsel or (II) the right to effective assistance of trial counsel. Neither conclusion is reasonably debatable.

## I.    Choice of Counsel

Laskey's § 2255 motion asserts that the trial court violated his right to choose his own counsel when it denied his motion to continue and substitute counsel.

The Sixth Amendment right to counsel includes "the right of a defendant *who does not require appointed counsel* to choose who will represent him." *United States v. Gonzalez–Lopez*, 548 U.S. 140, 144 (2006) (emphasis added). As the district court noted, Laskey's motion failed to show that he could acquire counsel without court appointment.[2] Thus, we doubt that the right to choose one's own counsel even applied to Laskey.

But even if Laskey didn't require court-appointed counsel, his right to choose his own counsel was not absolute. *United States v. Holloway*, 826 F.3d 1237, 1241 (10th Cir. 2016). As the Supreme Court has explained, "the Sixth Amendment grants a defendant a fair opportunity to secure counsel of his own

---

[2] During his initial appearance, Laskey filed an affidavit showing that he lacked the resources to employ counsel and required court-appointed counsel. He contradicted that affidavit with only a morning-of-trial statement that he "may" have gotten the finances while awaiting trial. *United States v. Laskey*, No. 4:22-CR-00186-GKF-1, (N.D. Okla. Feb. 24, 2023), ECF No. 98 at 4–5.

choice." *Luis v. United States*, 578 U.S. 5, 11 (2016) (citation modified); *Gonzalez–Lopez*, 548 U.S. at 152 (noting a trial court's "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar" (citation modified)). Thus, we have held that "only when the trial court *unreasonably or arbitrarily interferes* with a defendant's right to counsel of choice do we agree a conviction cannot stand[.]" *Holloway*, 826 F.3d at 1242 (citation modified).

The trial court did not unreasonably or arbitrarily interfere with Laskey's right to counsel of his own choice. Private counsel never entered or tried to enter an appearance on Laskey's behalf. Laskey required court-appointed counsel for months. After already receiving two trial continuances, he moved for his third continuance—purportedly to obtain private counsel—two days before trial was set to begin. In support, Laskey identified some disagreements with his appointed counsel, but he conceded that he could communicate with them. And, as the trial court found, his appointed counsel had been exemplary and were prepared to try the case as scheduled. Further, granting Laskey's eleventh-hour motion for a third continuance would have severely burdened the trial court's packed calendar. Under these circumstances, no jurist could debate that the trial court reasonably denied Laskey his choice of counsel.[3]

---

[3] We note that Laskey did not raise his choice-of-counsel argument on direct appeal. "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or

## II.    Ineffective Assistance of Counsel

The Sixth Amendment also grants defendants "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citation modified). To prevail on a claim that counsel provided constitutionally ineffective assistance, a defendant must show (1) that his attorney's "representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

Laskey claims that he received ineffective assistance of counsel in two ways. First, he asserts that his trial counsel was ineffective because she did not argue that the trial court violated his Sixth Amendment right to choose his own counsel when it denied his motion to continue. But, as explained above, the

---

can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). For example, an unraised issue is not procedurally barred when "trial or appellate counsel were constitutionally ineffective in failing to present [the] issue[.]" *United States v. Channon*, No. 21-2027, 2022 WL 6872077, at *3 (10th Cir. Oct. 12, 2022) (unpublished) (citing *Massaro v. United States*, 538 U.S. 500, 509 (2003)). Here, Laskey contends that his counsel "did not take any action to address" the violation of his right to choose his own counsel. Op. Br. at 3. Liberally construing his COA application, we assume that he means that his choice-of-counsel claim is not procedurally barred because his counsel was ineffective in failing to raise the issue on appeal. We doubt the validity of that argument and think that Laskey's failure to raise the choice-of-counsel issue on direct appeal likely bars him from raising that issue now in his § 2255 motion. At any rate, we resolve the choice-of-counsel claim on the merits because the government did not raise the procedural-bar issue. *See Allen*, 16 F.3d at 379 (explaining when a court can "simply address the merits of the § 2255 motion" without sua sponte addressing the procedural bar).

6

trial court did not violate Laskey's right to choose his own counsel. So his counsel was not deficient.

Second, Laskey claims that his trial counsel was ineffective because she failed to present certain evidence supporting his self-defense theory and she failed to present evidence and make arguments about statements he made while tightly handcuffed. The district court thoroughly analyzed these arguments, concluding that Laskey had failed to show that his counsel's performance was constitutionally deficient or prejudicial. We agree with the district court: Laskey's counsel presented plenty of evidence and argument about the self-defense theory, and she tried to suppress and mitigate the statements he made while handcuffed. In short, Laskey highlights no prejudicially deficient performance. His application for a COA fails to persuade us that the district court's decision is reasonably debatable.

## CONCLUSION

We deny Laskey's application for a COA and dismiss this appeal. We also deny his motion to proceed IFP because he failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support

of the issues raised on appeal." *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court

Gregory A. Phillips
Circuit Judge